UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONNIE L. CAREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-0119-CVE-GBC |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 20) of Magistrate Judge Gerald Cohn recommending that the Court affirm the decision of the Commissioner of the Social Security Administration to deny plaintiff Connie L. Carey's claim for disability benefits. Plaintiff has filed an objection to the report and recommendation (Dkt. # 23), and she argues that the administrative law judge (ALJ) erred when he concluded that plaintiff could perform her past relevant work.

**I.**

On November 20, 2013, plaintiff applied for social security disability benefits, and she alleged a date of onset of disability of May 2, 2012. Dkt. # 11, at 184-85. Plaintiff claimed that she suffered from fibromyalgia, chronic obstructive pulmonary disease (COPD), degenerative bone disease of the neck and back, diabetes, high cholesterol, pain in her right arm following a car accident, and rotator cuff pain. Id. at 198. Plaintiff's claim for disability benefits was initially denied. Id. at 120-21. Plaintiff sought reconsideration and plaintiff's application was independently

examined by a physician. Id. at 133, The reviewer determined that plaintiff could return to her past relevant work as an administrative secretary and denied her claim. Id. at 134. Plaintiff retained counsel and requested a hearing before an ALJ, and a hearing was set for October 22, 2015.

Plaintiff appeared at the hearing and she was represented by counsel. Plaintiff testified that she stopped working as a part-time administrative secretary in May 2012 due to fatigue and pain. Dkt. # 11, at 36-37. She had worked as an administrative secretary for 28 years for the Cherokee Nation before she quit her job. Id. at 38. However, she had difficulty typing and writing due to cramps in her hands and arms, and she believed that the cramps were a side effect of surgery on her right shoulder and neck. Id. at 39. Plaintiff was involved in an automobile accident in 1998, but she was able to return to work after the accident. Id. at 39-40. Plaintiff had difficulty concentrating and she felt "paranoid" when speaking to members of the community. Id. at 42. Plaintiff had neck surgery in 2011 and was able to work on a part-time basis for about 15 months after the surgery. Id. at 43. She testified that she had less numbness and pain in her arms immediately following the surgery, but that she continues to suffer from pain in her arms and neck and she takes pain and anxiety medication. Id. at 44. Plaintiff continues to receive treatment for her neck pain, and during the few months preceding the hearing she began to experience a pinching sensation in her neck and shoulder. Id. at 48. The ALJ questioned plaintiff about the range of motion of her neck, and she testified that she has a limited range of motion and she suffers pain when moving her neck from side to side or up and down. Id. at 50-51. The ALJ noted that the medical evidence did not document that plaintiff had a limited range of motion of her neck or that she suffered from severe pain in her arms and neck. Id. at 52. The ALJ stated that the objective medical evidence submitted by plaintiff was not consistent with the severity of symptoms described in her testimony, and he was inclined

2

to order additional nerve testing of plaintiff's upper extremities. Id. at 55. The ALJ called a vocational expert (VE) to testify, and the VE explained that plaintiff's past relevant work would be classified as administrative secretary, Dictionary of Occupational Titles (DOT) number 169.167-101. The ALJ posed the following hypothetical to the VE:

> Assume a hypothetical person limited to lifting no more than ten pounds occasionally, less than ten pounds frequently; sit, stand, or walk six hours in an eight hour day; no climbing ladders, ropes, scaffolding; no unprotected heights, dangerous machinery; only occasional reaching or working overhead with the right dominant arm.
>
> Would be limited to environments that do not include any exposure to more than a normal level of fumes, noxious odors, dusts, mists, gas, or poor ventilation where normal is defined as the level generally found in the office or commercial buildings. Further assume the hypothetical person would be limited to frequent grasping, handling, fingering, fine motor manipulation.

Id. at 62-63. The VE testified that a person with these limitations could perform plaintiff's past relevant work as an administrative secretary. Id. at 63. The VE testified that her answer would change if the ALJ limited the hypothetical claimant to occasional grasping, fingering, and motor manipulation. Id. at 63. At the conclusion of the hearing, the ALJ advised plaintiff that he would be referring her for a nerve test of her upper extremities and an x-ray of the neck, and that it would be important for plaintiff to attend the examinations. Id. at 64.

The ALJ issued a written decision finding that plaintiff was not disabled from the date of onset disability through the date of the decision. Plaintiff had not engaged in substantial gainful activity since May 2, 2012, and she had the severe impairments of "degenerative disc disease of the cervical status post fusion with radiculopathy and fibromyalgia." Dkt. # 11, at 17. The ALJ noted that plaintiff claimed to suffer from the severe impairments of diabetes mellitus and COPD, but the medical evidence did not show that these impairments were severe. Id. at 18. Plaintiff also suffered

from depression and anxiety, but these conditions did not individually or in combination cause any severe limitations on plaintiff's mental functioning. Id. Plaintiff did not have an impairment or combination of impairments that met any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 19. The ALJ determined that plaintiff had the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 417.967(a). She has the ability to lift/carry, push/pull ten-pounds occasionally, up to ten-pounds frequently, sit, stand/walk six-hours in an eight-hour workday, with normal breaks. No climbing of ladder, ropes or scaffolding, she must avoid unprotected heights or dangerous machinery. She can occasionally reach overhead with the right dominate [sic] arm but is limited to no more than normal levels of dust and fumes as in office building. She can frequently grasp, finger, feel and handle.

Id. at 20. The ALJ summarized plaintiff's testimony and considered an adult function report prepared by plaintiff, and he found that plaintiff was partially credible. Id. at 21. The medical evidence showed that plaintiff had a history of degenerative disc disease, but plaintiff sought treatment in 2011 and 2013 and the medical records did not note any physical limitations caused by plaintiff's condition. Id. X-rays of plaintiff's arm and shoulder showed no fractures or dislocations. Id. at 21-22. Plaintiff visited a pain specialist in January 2015 and she had a limited range of motion of the head and neck area, but she otherwise had a normal range of motion of her extremities. Id. at 22. The household tasks and activities of daily living that plaintiff could perform were consistent with work at the sedentary level, and plaintiff's statements concerning intensity, persistence, and limiting effects of her impairments were inconsistent with the objective medical evidence. Id. At step four, the ALJ concluded that plaintiff could perform her past relevant work as an administrative secretary as it is actually and generally performed, and he found that plaintiff was not disabled. Id. at 23-24.

Plaintiff sought review of the ALJ's adverse decision by the Appeals Council, but the Appeals Council found no basis under its rules to review the decision. Id. at 4, 10. Plaintiff filed this case seeking judicial review of the denial of her claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation. The magistrate judge has recommended that the Commissioner's decision be affirmed.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III.

Plaintiff raises three objections to the report and recommendation, and each of the objections concerns the ALJ's conclusion that plaintiff could perform her past relevant work. Plaintiff claims that the ALJ failed to make the necessary findings before finding that plaintiff could perform her past relevant work. Dkt. # 23, at 2-4. He also argues that the ALJ's credibility analysis was erroneous, and the ALJ should have applied the Medical-Vocational Guidelines and found that plaintiff was disabled. Id. at 5.

5

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step four of the analysis but he concluded that plaintiff could perform her past relevant work. Step four has three separate phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], see SSR 86-8, Soc. Sec. Rep. Serv., Rulings 1983-1991, 423, 427 (West 1992), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(e). In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). If a claimant can perform his or her past relevant work, the claimant is not disabled and the ALJ is not required to continue to step five of the analysis. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff argues that the ALJ erred at step four of the analysis when he found that plaintiff could perform her past relevant work, because he did not make all of the findings required under Winfrey. Dkt. # 23, at 4. Plaintiff also asserts that the RFC formulated by the ALJ does not contain all of her physical limitations, because the RFC fails to take into account prescriptions for pain medication and her limited range of motion of her neck and head. Id.

Plaintiff's primary argument as to the ALJ's step four analysis is that the ALJ failed to make the necessary findings under Winfrey. In particular, plaintiff complains that the ALJ improperly relied on the VE to establish the mental and physical demands of plaintiff's past relevant work, and Winfrey requires that the ALJ, not the VE, make specific findings on this issue. Dkt. # 23, at 4. In Winfrey, the Tenth Circuit stated that "while the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." Winfrey, 92 F.3d at 1024. In a subsequent decision, the Tenth Circuit clarified that an ALJ may quote the VE's findings with approval in support of his findings at step four in support of his findings concerning the demands of the claimant's past relevant work and the claimant's ability to perform that work. Doyal v. Barnhart, 331 F.3d 758 (10th Cir. 2003). However, the Tenth Circuit explained that it is "improper

7

for an ALJ to make RFC findings and then to delegate the remaining phases of the step four analysis to the [VE]," because a reviewing court is left with a record where the majority of the step four analysis "[took] place in the VE's head . . . ." Id.

The Court finds that the ALJ's step four findings are not sufficient under Winfrey and Doyal, because the ALJ did not make specific findings as to the requirements of plaintiff's past relevant work and her ability to perform that work with her RFC. In this case, the ALJ simply delegated those findings to the VE and cited the VE's conclusory statements concerning a hypothetical claimant's ability to perform the job of administrative secretary. The Court is not suggesting that it is per se improper for an ALJ to give significant weight to a VE's testimony when making the necessary step four findings, but the Court must have a sufficient record to determine what findings were made and what evidence supports those findings. In this case, the VE testified that plaintiff's past relevant work as administrative secretary had an SVP level of 7 and she provided the DOT number for the job. Dkt. # 11, at 62. The ALJ asked the VE if a hypothetical claimant with plaintiff's limitations could perform plaintiff's past relevant work, and the VE said "Yes." Id. at 63. This is a classic case in which the majority of the step four analysis occurred in the VE's head, and the Tenth Circuit has been clear that this type of record is not sufficient to meet the ALJ's obligations at step four. Barnes v. Colvin, 614 F. App'x 940 (10th Cir. June 18, 2015);[1] Sissom v. Colvin, 512 F. App'x 762 (10th Cir. Mar. 1, 2013). The Court has reviewed the transcript of the hearing before the ALJ and the ALJ's written decision, and finds that there is essentially no record as to what findings were made concerning the requirements of plaintiff's past relevant work or

---

[1] Uunpublished decisions are not precedential but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

plaintiff's ability to perform that work with her limitations. The case will be remanded for further administrative proceedings to make the necessary step four findings.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 20) is **rejected**, and the Commissioner's decision denying plaintiff's application for disability benefits is **reversed and remanded**. A separate judgement is entered herewith.

**DATED** this 15th day of August, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE